## CHAUNCEY a. LAWRENCE.

*Supreme Court, First District; General Term, Oct.,* 1862.

FRIVOLOUS DEMURRER.—STATUTE OF FORECLOSURES.—JOINDER OF CAUSES OF ACTION.

It may be deemed doubtful whether the provision of 2 Rev. Stat., 191, § 154,—which authorizes the court, upon bills of foreclosure, where the debt is secured by the obligation of another person than the mortgagor, to join him as a party and give judgment against him,—has been repealed by the Code; and hence a demurrer based on the supposition that it has been repealed, is not frivolous.

Appeal from an order directing judgment upon a demurrer as frivolous.

Chauncey a. Lawrence.

This action was brought by Nathaniel and Henrietta Chauncey against William B. Lawrence and William B. Lawrence, jr., for the foreclosure of a mortgage for $14,000 upon forty-nine lots in the city of New York.

The complaint alleged that W. .B. Lawrence executed and delivered to plaintiffs his bond, dated April 27th, 1859, conditioned to pay $14,000 on 27th April, 1864, with interest, &c., with provision that principal should become due if interest remained in arrear for twenty days, and as collateral security executed and delivered his mortgage.

That as a further and collateral security for the payment of the principal and interest, the defendant W. B. Lawrence, jr., at the time of the execution and delivery of the bond and mortgage, executed under his hand and seal, and delivered. to the plaintiffs, his bond conditioned for the payment of $14,000 on 27th April, 1864, with interest, &c., with provision that principal should become due if interest was in arrear for twenty days. That defendants failed to comply with the condition of their bonds, by omitting to pay six months' interest, which became due on the first day of November, 1861.

That plaintiffs elected to demand payment of the whole principal sum and interest, and that there was justly due the sum of $14,000 of principal, and interest from May 1st, 1861.

That no proceedings at law had been taken.

Plaintiffs demanded that the defendants might be foreclosed, &c., of all equity of redemption, that the premises be sold, that plaintiffs be paid the amount of principal, interest, and costs, and that defendants, W. B. Lawrence and W. B. Lawrence, jr., pay any deficiency that might remain after applying proceeds of sale.

The defendant W. B. Lawrence, jr., demurred to the complaint on the following grounds: 1. That the defendants were not liable as joint-debtors. 2. That several causes of action were improperly united. 3. That the complaint did not state facts to constitute a cause of action against the defendant.

Plaintiffs moved for judgment on account of the frivolousness of the demurrer, which motion was granted. W. B. Lawrence, jr., appealed.

*Platt, Gerard & Buckley,* for the appellant.—I. The cases in chancery, cited in 2 Rev. Stat., 191, section 84, are cases where the complainants sought to get the benefit of securities held by the principal debtor. Not cases as here, where the complainant holds the obligation of the surety, executed to himself directly, and may enforce it at common law.

II. The section of the Revised Statutes in question is abolished, either impliedly or in express terms by the repealing sections of the Code (§§ 468, 471).

III. By the Code this action cannot be maintained in its present form. Principal and surety cannot be joined as defendants, where their obligations are by different instruments (*Code,* § 120), only where they are bound in one and the same obligation. (Brewster *a.* Silence, 8 *N. Y.,* 207; De Ridder *a.* Schermerhorn, 10 *Barb.,* 638; Phalen *a.* Dingee, 4 *E. D. Smith,* 379; Allen *a.* Fosgate, 11 *How. Pr.,* 218; Le Roy *a.* Shaw, 2 *Duer,* 626.) The Code, exclusively, regulates the parties to suits.

IV. It is a matter of practice, and in matters of practice the Code must govern. There cannot be two different forms of practice. All other items of old practice contained in the Revised Statutes are abolished by the Code.

*Samuel F. Cowdrey,* for the respondent.—I. The first cause of demurrer is not one of the causes for which demurrer is authorized by the Code. (*Code,* § 144.)

II. As to second cause of demurrer : 1. 2 Rev. Stat., 255, § 204, is still in full force, and is in no way affected by the Code. 2. It is not inconsistent with, and is nowhere repealed by, the Code. It was one of "the existing statutory provisions relating to actions" which were not affected by the Code. (*Code,* § 471.) 3. It has been applied and acted upon by the court ever since the passage of the Code, in every-day practice. The right is also clearly recognized in Simonson *a.* Blake (12 *Abbotts' Pr.,* 331). 4. If this statute is not now in force, then every complaint brought for the foreclosure of a mortgage would be demurrable, for the reason that every such complaint states two causes of action, both of which do not affect all of the defendants : for in such complaint there usually is one cause of action against the mortgagor, upon which judgment for payment of deficiency is asked; and another cause of action against the

Chauncey *a.* Lawrence.

mortgagor and subsequent incumbrancers, to foreclose them of their equity of redemption.

III. The Code nowhere repeals the statute referred to. In specifying the causes of action which may be joined (§ 167), it must be taken as conferring jurisdiction upon the court in cases as to which, before its enactment, there had been no statutory provision, and the court will not favor the idea of a repeal of the statute by implication, when the effect would be to require a mortgagee to commence a number of actions to obtain the judgment which has been heretofore rendered in one.

IV. By section 118 of the Code, " any person may be made a party-defendant who is a necessary party to a complete determination or settlement of the questions involved therein," and in this case, the defendant demurring is a necessary party. (See Simonson *a.* Blake, 12 *Abbotts' Pr.*, 331.)

V. The only other cause of demurrer is that the complaint does not state facts sufficient to constitute a cause of action against the defendant. The cause of action is fully explained by the preceding points.

By the Court.*—Clerke, J.—It is certainly a question admitting inquiry, whether section 84 in the article of the Revised Statutes, relative to the powers and proceedings of the court upon bills of foreclosure (2 *Rev. Stat.*, 191, § 154), remains in force. The editors of the fifth edition manifestly were of opinion that this section is no longer in existence; and although it may be possible, and even probable, that they err in this supposition, several sections in the Code seem to make such a supposition plausible. At all events, it admits of a question, and demands inquiry. This being the case, a demurrer based on such a supposition cannot be deemed palpably frivolous. The order should be reversed.

Order reversed, with $10 costs.†

* Present, Ingraham, P. J., Barnard and Clerke, JJ.
† The demurrer was subsequently sustained at special term.